## FISHEL v. FISHEL.

(Circuit Court of Appeals, Eighth Circuit.   November 15, 1915.)

No. 4421.

CONTRACTS ⬦⟶28, 322—EXISTENCE AND PERFORMANCE—EVIDENCE.

    Evidence *held* insufficient to show that a father agreed; if his son would engage in a business, he would give it to him, or that the oral agreement had been performed, but rather to show that the father retained the business.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 133–140, 1306, 1307, 1339, 1347, 1348, 1465, 1492, 1534–1542, 1754, 1755, 1768, 1772, 1782–1784, 1785½, 1801, 1802, 1804–1808, 1815, 1816, 1820, 1821; Dec. Dig. ⬦⟶28, 322.]

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis and John A. Riner, Judges.

Bill by Edwin D. Fishel against the Fishel Real Estate Company, Gilbert B. Fishel, and Arthur A. Fishel.   Gilbert B. Fishel filed a cross-bill, which was answered by Arthur A. Fishel alone.   From the decree, Gilbert B. Fishel appeals.   Affirmed.

Harvey Riddell, of Denver, Colo., for appellant.

Thomas Ward, Jr., of Denver, Colo. (Robert Collier, of Denver, Colo., on the brief), for appellee.

Before CARLAND, Circuit Judge, and AMIDON and VAN VALKENBURGH, District Judges.

CARLAND, Circuit Judge.   This is a bill by Edwin D. Fishel against the Fishel Real Estate Company, Gilbert B. Fishel, individually and as secretary of said company, and Arthur A. Fishel.   The general purpose of the bill was to have it adjudicated that said Edwin D. Fishel was the owner of 340 shares of the capital stock of the Real Estate Company.   Gilbert B. Fishel filed a cross-bill against Edwin D. Fishel, Arthur A. Fishel, and the Fishel Real Estate Company, wherein on account of the matters alleged therein he prayed that it be adjudged either that he was the owner of said shares of stock or a one-half interest therein, as the court should determine.   Arthur A. Fishel alone answered the cross-bill.   The court upon the pleadings and proofs decided that Edwin D. Fishel had no interest in the stock in question and dismissed the bill.   On the cross-bill it decided that Gilbert B. Fishel and Arthur A. Fishel owned the stock in the proportion of one-half each, and made an appropriate decree to that effect.   Gilbert B. Fishel alone appealed from the decree in so far as it adjudged Arthur A. Fishel to be the owner of a one-half interest in the stock.

The only question before us, therefore, is as to whether appellant Gilbert B. Fishel owns all the stock, or only a half interest therein. The Real Estate Company owns a building in the city of Denver, wherein the dry goods business of Fishel, Cohn & Wise, Fishel Bros. & Wise, and G. B. Fishel & Co. has been carried on since 1880.   The Real Estate Company was incorporated simply as a

holding company, to hold the title to the real estate upon which the store building is located. Jonas Fishel, the father of Arthur A. Fishel and Gilbert B. Fishel, died March 19, 1909, leaving a will executed June 29, 1900, whereby he left the stock in question to Gilbert and Arthur in equal parts. The claim of Gilbert to be the owner of all the stock is based upon a conversation which he claims he had with his father in September, 1879, when Gilbert was but 17 years of age. He testifies that at the time stated his father, Jonas Fishel, wanted him to go to Denver and become associated with the business which his father was to establish at that place, and that the moneys which his father should put into the business should belong to Gilbert as a start in life; that Gilbert, although reluctant so to do, finally consented, and came to Denver, and has remained there ever since in charge of the business. The only testimony in the record which tends to support this verbal promise of Jonas to his son Gilbert is that of George H. Clyne. Performance of the oral agreement is relied upon to satisfy the statute of frauds.

We cannot state in this opinion the evidence of these two witnesses at length, or give a very extended account of the same. It is sufficient to say, however, that we have carefully examined the whole testimony as it appears in the record, and we cannot reach a conclusion that any contract was ever entered into between Jonas Fishel and his son Gilbert that would in any degree overturn the acts and statements of Jonas Fishel from the time of the purchase of the property in Denver in 1879 until the time of his death in 1909, ending with a solemn written instrument devising this stock to the two boys in equal proportion.

We therefore agree entirely with the trial court as to the judgment which should be entered, and therefore direct that the judgment below be affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes